IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES BENNY JACKSON                                                                    PLAINTIFF

VERSUS                                             CIVIL ACTION NO.: 3:16cv189-DMB-SAA

OIL-DRI CORPORATION OF AMERICA
AND BLUE MOUNTAIN PRODUCTION
COMPANY                                                                               DEFENDANTS

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Oil-Dri Corporation of America ("Oil-Dri") and Blue Mountain Production Company ("BMPC"), through the undersigned counsel, hereby respond to the Complaint filed by Plaintiff James Benny Jackson, and would show unto the Court the following:

As to the first paragraph of the Complaint, Plaintiff introduces his cause of action and thus this paragraph does not appear to require a response. To the extent that the Court deems that a response is required, Defendants deny the allegations in this introductory paragraph and specifically deny that Defendants have violated or are liable for any damages under the Americans with Disabilities Act.

1. Defendants are without information sufficient to form a belief as to the allegations of paragraph 1 and therefore deny same.

2. Defendant Oil-Dri admits that it is a Delaware corporation which indirectly owns BMPC, a Mississippi corporation. BMPC admits that it may be served with process through its registered agent Corporation Service Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211. Defendants admit that Plaintiff was employed by BMPC for approximately fifteen (15) years and was an employee of BMPC within the meaning of the Americans with Disabilities Act Amendments Act. Defendants deny the remaining allegations of paragraph 2.

3. Defendants admit that this Court has federal question jurisdiction under 28 U.S.C. § 1331, for a cause of action arising under the Americans with Disabilities Act ("ADA"), as amended by the Americans with Disabilities Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et seq*.

4. Defendants admit that Plaintiff filed the EEOC charge attached to the Complaint as Exhibit "A." Defendants are without information sufficient to form a belief as to the remaining allegations of paragraph 4 and therefore deny same.

5. Defendants admit that Plaintiff was granted FMLA leave around the summer of 2015. Defendants admit that Plaintiff's FMLA certification form contains a statement that "he needed to be removed from his work environment to avoid exposure to dust." Defendants deny the remaining allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants admit that after Plaintiff retired, it was determined that he was not eligible to immediately receive his retirement benefits. Defendants deny the remaining allegations of paragraph 7.

8. Defendants admit that in September 2015, Defendants offered Plaintiff the option to return to work so that he could accrue the necessary hours to qualify for immediate retirement benefits. Defendants deny the remaining allegations of paragraph 8.

9. Defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

**REQUEST FOR RELIEF**

12. As to the last unnumbered paragraph beginning "Plaintiff requests," Defendants deny the allegations of this paragraph and specifically deny that Plaintiff is entitled to any relief whatsoever.

13. Defendants deny all allegations in Plaintiff's Complaint not expressly admitted above.

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, or estoppel.

**THIRD DEFENSE**

Plaintiff failed to mitigate, in whole or in part, any alleged damage he claims to have suffered.

**FOURTH DEFENSE**

If Plaintiff was injured, the Mississippi Worker's Compensation Act provides the exclusive remedy for Plaintiff's mental, emotional, and/or physical injuries which arose out of the course of his employment.

**FIFTH DEFENSE**

All actions taken in connection with Plaintiff's employment were taken on the basis of legitimate business considerations.

## SIXTH DEFENSE

If Plaintiff has commenced or continued a bankruptcy proceeding since his claims allegedly accrued, the claims are the property of the estate, within the exclusive jurisdiction of the Bankruptcy Court. If Plaintiff commenced or continued such a post-accrual proceeding without disclosing his claims for the benefit of his creditors, he is estopped to assert those claims in this forum.

## SEVENTH DEFENSE

To the extent that the conduct of which Plaintiff complains falls outside of the applicable statute of limitations, Plaintiff is not entitled to relief.

## EIGHTH DEFENSE

Defendants' decisions and/or actions were undertaken for legitimate, non-discriminatory, and non-pretextual reasons. Alternatively, and denying that this is a mixed motive case, Defendants' decisions and/or actions challenged as discriminatory were taken and would have been undertaken even without regard to Plaintiff's alleged disability.

## NINTH DEFENSE

Defendants plead the doctrine of unclean hands.

## TENTH DEFENSE

Defendants reserve the right to assert additional defenses and affirmative defenses which may be discovered during the course of this litigation.

## ELEVENTH DEFENSE

Defendants exercised reasonable care to prevent and correct promptly any discriminatory, harassing, or retaliatory behavior in the workplace, including maintaining valid and effective equal employment opportunity, anti-retaliation, and harassment policies that prohibited

discrimination, harassment, and retaliation. Plaintiff unreasonably failed to avail himself of these policies.

**TWELFTH DEFENSE**

Defendants have not ratified, nor are responsible for, unlawful activities, if any, committed by its employees.

**THIRTEENTH DEFENSE**

Plaintiff failed to exhaust all administrative remedies.

**FOURTEENTH DEFENSE**

Defendants did not act with malice or reckless indifference to Plaintiff's federally protected rights.

**FIFTEENTH DEFENSE**

Defendants aver that they neither acted nor relied upon impermissible factors or unlawful criteria in any of the actions concerning the Plaintiff.

**SIXTEENTH DEFENSE**

Defendants are not liable for Plaintiff's claims.

**SEVENTEENTH DEFENSE**

Defendants acted at all times in good faith and without discriminatory intent.

**EIGHTEENTH DEFENSE**

No punitive damages may be awarded because Defendants maintained and observed policies and practices intended to prevent unlawful discrimination.

## NINETEENTH DEFENSE

Plaintiff's claims for punitive damages are barred because the acts and omissions, if any, of Defendants, which are specifically denied, fail to rise to the level required to sustain an award of punitive damages.

## TWENTIETH DEFENSE

Plaintiff's claims for punitive damages are barred because any imposition of punitive damages against Defendants would constitute a denial of due process and would be excessive under the Constitutions of both the United States and the State of Mississippi.

## TWENTY-FIRST DEFENSE

Plaintiff's claim for disability discrimination is barred because Plaintiff was not a qualified individual with a disability.

## TWENTY-SECOND DEFENSE

Plaintiff does not have a record or history of a disability as defined by the ADA, as amended.

## TWENTY-THIRD DEFENSE

Defendants did not perceive or regard Plaintiff as disabled.

## TWENTY-FOURTH DEFENSE

All actions by Defendants with regard to Plaintiff were made in good faith compliance with applicable provisions of law, rules, and regulations.

And now, having answered the allegations in Plaintiff's Complaint and having asserted certain affirmative defenses, Defendants respectfully requests that the Court enter judgment in Defendants' favor and award them the fees and costs incurred in defense of this suit.

Respectfully submitted, this 18th day of November, 2016.

                        **OIL-DRI CORPORATION OF AMERICA and**
                        **BLUE MOUNTAIN PRODUCTION COMPANY**

        BY:    s/ *Ashley Eley Cannady*

                    ASHLEY ELEY CANNADY (MSB# 101253)
                    ARMIN J. MOELLER, JR. (MSB# 3399)
                    BALCH & BINGHAM LLP
                    188 East Capitol Street, Suite 1400
                    Jackson, MS 39201
                    Telephone: (601) 961-9900
                    Fax: (866) 230-9968
                    acannady@balch.com
                    amoeller@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to counsel of record.

This, the 18th day of November, 2016.

                                        s/ *Ashley Eley Cannady*
                                        ASHLEY ELEY CANNADY