IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES BENNY JACKSON                                                              PLAINTIFFS

v.                                                       CIVIL ACTION NO: 3:16CV189-DMB-RP

BLUE MOUNTAIN PRODUCTION COMPANY                                      DEFENDANT


## ORDER DENYING DEFENDANT'S MOTION TO STRIKE SUPPLEMENTAL DISCLOSURES

Defendant Blue Mountain Production Company ("BMPC") seeks to exclude plaintiff's Second Supplemental Pre-Discovery Disclosure containing videos of plaintiff's working environment taken with plaintiff's cellphone asserting that the videos were untimely produced. Docket 94. Plaintiff responds that the videos were produced three months prior to the original discovery deadline and four months prior to the extended discovery deadline and defendant never made any objection to their production during the discovery period. Docket 97. After a review of the docket, the motion and response, and a review of relevant procedural rules and case law, the undersigned is of the opinion that the plaintiff's Second Supplemental Pre-Discovery Disclosure was timely and BMPC's Motion to Strike should be DENIED.

Federal Rule of Civil Procedure 26 governs parties' obligations to disclose the documents, ESI and tangible things they may use to support their claims and defenses, as well as the parties' obligations to supplement their disclosures and responses to discovery requests. Rule 26(a)(1)(A) requires that a party must, without awaiting a discovery request, provide to the other parties:

> (i) the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that

> information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment…;
>
> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support is claims or defenses, unless the use would be solely for impeachment….

Rule 26(e)(1)(A) requires the party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See also* L.U.Civ.R. 26(a)(5). The Pretrial Order in this case states that "[e]ach exhibit has been marked for identification and examined by counsel."

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). According to the Advisory Committee Note to Rule 37, this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009) (citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007)).

Plaintiff filed his initial disclosures on January 4, 2017 and his supplemental disclosures on February 22, 2017. He responded to discovery requests on February 23, 2017 and was deposed on May 10, 2017. Plaintiff supplemented his initial disclosures for the second time on June 9, 2017, identifying the subject videos, and plaintiff provided a copy of the videos a week

and a half later. Despite being so notified that plaintiff may use the videos to support his claims, defendant apparently made no effort to conduct further discovery regarding the videos during the more than four months before the discovery period expired on October 16, 2017, nor did defendant object to the disclosure of the videos until the parties submitted their draft pretrial order in advance of the Final Pretrial Conference held on March 22, 2018. The court concludes that the subject disclosure was timely and not unfairly prejudicial to the rights of defendant. Certainly defendant is aware of the work place conditions and should not be surprised by the contents of the videos. Defendant could have raised the issue of the disclosure when it was made and requested that plaintiff's deposition be reopened or even propounded discovery to plaintiff concerning the disclosure, but defendant did neither. Defendant asserts that plaintiff's video of the work place was taking in violation of BMPC's policies. Docket 94, p. 4. However, defendant cites no rule of civil procedure or evidence that requires the exclusion of the videos on such grounds.

Accordingly, it is

**ORDERED**

That Blue Mountain Production Company's motion to strike supplemental disclosures is DENIED. Defendant's discovery-based objections to plaintiff's designation of the videos as trial exhibit P-12 will be stricken from the pretrial order. Defendant's evidentiary-based objections to P-12 will remain.

This, the 28th day of March, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE