# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**JAMES BENNY JACKSON**                                                 **PLAINTIFF**

**V.**                                                            **NO. 3:16-CV-189-DMB-RP**

**OIL-DRI CORPORATION OF AMERICA**
**and BLUE MOUNTAIN PRODUCTION**
**COMPANY**                                                          **DEFENDANTS**

## ORDER

On August 12, 2016, Jackson filed this action against Oil-Dri Corporation of America and Blue Mountain Production Company ("BMPC"). Doc. #1. The complaint alleges a claim against both BMPC and Oil-Dri for refusal to grant Jackson a reasonable accommodation as required by the Americans with Disabilities Act. *Id*. After waiving service, BMPC and Oil-Dri answered the complaint on November 18, 2016. Doc. #7.

On November 1, 2017, Jackson and Oil-Dri stipulated that Oil-Dri "should be dismissed without prejudice." Doc. #70.[1] Five days later, BMPC moved for summary judgment on Jackson's reasonable accommodation claim. Doc. #75. Specifically, BMPC argues that Jackson's claim must fail because he was not disabled, because BMPC was not aware of any disability, and because BMPC reasonably accommodated Jackson. Doc. #76. Jackson's memorandum in response addresses each of these arguments by stating the relevant standard and then, without argument or authority, providing a bullet list of enumerated facts which supposedly warrant a denial of summary judgment. *See* Doc. #78 at 17–26.

---

[1] To the extent Jackson and Oil Dri purported to dismiss Oil Dri pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), the stipulation is not signed by BMPC, a party who had appeared at that point.

"It is the party's, and not the district court's function, to present the material facts to the court and *then, in its analysis, apply those facts to the law*. It is not the court's role to hunt through the briefing and determine whether facts lurking in the background support a particular legal contention for which the party did not offer them." *Mitchell v. City of Wichita*, 140 F. App'x 767, 781 n.16 (10th Cir. 2005) (emphasis added). Accordingly, a party opposing summary judgment must "apply the law to the facts of th[e] case in … meaningful fashion." *Curtis v. Wilks*, 704 F.Supp.2d 771, 786–87 (N.D. Ill. 2010).

Jackson's response memorandum makes absolutely no effort to apply the enumerated facts to the applicable law. While this deficiency is likely sufficient to deem arguments on the facts waived,[2] the Court will, in the interest of deciding the case on the merits, provide Jackson an opportunity to properly respond to the pending motion for summary judgment. Accordingly, Jackson's response memorandum [78] is **STRICKEN**. Jackson may file an amended response memorandum on or before April 12, 2018. BMPC may file a reply to the amended response memorandum within seven (7) days of its filing.

**SO ORDERED**, this 29th day of March, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] *See Wong v. Lighthouse Point*, No. 4:16-cv-109, 2017 WL 6028356, at *9 (N.D. Miss. Dec. 5, 2017) (finding waiver where response to summary judgment made "absolutely no attempt to tie the specific articulated facts to the legal standard").