# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**JAMES BENNY JACKSON**                                                     **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO.: 3:16cv189-DMB-RP**

**OIL-DRI CORPORATION OF AMERICA AND BLUE MOUNTAIN PRODUCTION COMPANY**                                                       **DEFENDANTS**

## DEFENDANT'S AMENDED REBUTTAL
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Ashley Eley Cannady
Armin J. Moeller, Jr.
Balch & Bingham LLP
188 E. Capitol Street, Suite 1400
Jackson, Mississippi 39201
Telephone: 601-965-8156
Fax: 888-594-5405
Email:
acannady@balch.com
amoeller@balch.com

*Attorneys for Blue Mountain Production Company*

**Table of Contents**

**Page**

I. Introduction ...................................................................................................................... 1
   A. Summary Judgment Standard ................................................................................ 1
   B. Plaintiff's Misrepresentation of the Record Evidence .......................................... 2

II. The Threshold Issue – The Evidence, Even Through Plaintiff's Own Designated Experts, Shows that Plaintiff Cannot Establish a Disability Within the Meaning of the ADA ............................................................................................................................ 3

III. BMPC Did Not Fail to Reasonably Accommodate Plaintiff at Any Time ................. 6
   A. BMPC Was Not Aware of Any Alleged Disability or Limitations ....................... 6
   B. BMPC Did Not Fail to Reasonably Accommodate Plaintiff ................................. 6

IV. BMPC Did Not Fail to Engage in the Interactive Process ........................................ 12
   A. Plaintiff Failed to Exhaust His Administrative Remedies .................................. 12
   B. Plaintiff Failed to Plead a Failure to Engage in the Interactive Process Claim ... 13
   C. Plaintiff Terminated the Interactive Process ....................................................... 14

V. Conclusion ..................................................................................................................... 15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JAMES BENNY JACKSON**                                                                **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO.: 3:16cv189-DMB-RP**

**OIL-DRI CORPORATION OF AMERICA**                             **DEFENDANTS**
**AND BLUE MOUNTAIN PRODUCTION**
**COMPANY**

### DEFENDANT'S AMENDED REBUTTAL
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant, Blue Mountain Production Company ("BMPC"), and submits this Amended Rebuttal in Support of Motion for Summary Judgment.[1] BMPC also relies on its Motion for Summary Judgment and the exhibits thereto. As set forth in BMPC's Motion for Summary Judgment and supporting memorandum, BMPC is entitled to summary judgment in this matter.

**I. Introduction**

    **A. Summary Judgment Standard**

Plaintiff has not met his burden of showing that BMPC's Motion for Summary Judgment should not be granted. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986). He has not set forth significantly probative evidence showing the existence of a genuine issue of material fact regarding his claim against BMPC. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." *Ginsberg 1985 Real Estate P'ship v. Cadle Co.*, 39

---

[1] Pursuant to the Court's Order of March 29, 2018, Plaintiff filed an Amended Memorandum Brief in Opposition to Defendant's Motion for Summary Judgment. See Doc. 99. BMPC submits this amended rebuttal in response.

1

F.3d 528, 531 (5th Cir. 1994) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).  However, "[a] mere scintilla of evidence will not preclude granting of a motion for summary judgment." *Schaefer v. Gulf Coast Reg'l Blood Ctr.*, 10 F.3d 327, 330 (5th Cir.1994) (per curiam).

Here, Plaintiff has not even demonstrated a scintilla of evidence that would support a finding in his favor as to any claim against BMPC.  The undisputed, relevant facts show that Plaintiff is not disabled as defined under the ADA.  Plaintiff was also not denied a reasonable accommodation by BMPC at any point in time.  BMPC never failed to engage in the interactive process because Plaintiff's actions and/or inactions terminated the process in April, July, and September of 2015.  While Plaintiff may have preferred another position, he admittedly did not apply for any vacant positions.

### B. Plaintiff's Misrepresentation of the Record Evidence

In an effort to create genuine issues of material fact where none exist, Plaintiff has misrepresented the record evidence.  Although the Court must certainly view the evidence in the light most favorable to Plaintiff, that does not mean that the Court must give credence to unsupported representations that are in direct contradiction to the record evidence.

Plaintiff's response in opposition states that BMPC posted a forklift position on July 17, 2015.  However, the exhibit to which Plaintiff cites for this claim clearly shows that the job was posted on **June** 17, 2015.  See Doc. 102-3.  The job posting notice indicates that the position was filled on July 7, 2015.  See Doc 102-10.

The second major misrepresentation is Plaintiff's unsupported claim that he "inquired as to whether he could return to work to make up enough hours to earn the retirement."  Doc. 103 at 5. The record is clear that Plaintiff was upset about the situation and BMPC made an unsolicited

2

offer of reemployment to him. Ex. A at 73; Ex. D at 32-33 and Ex. 20 thereto. The record is equally clear that when Plaintiff rejected the offer a few days later, he stated it was because he was drawing social security and could not make more money and that he was a relief school bus driver. Ex. A at 74; Ex. D at 33 and Ex. 21 thereto.

Third, in claiming that he told BMPC in September 2015, after being offered reemployment, "that job was what makes me sick and my doctor would not release me to go back to that job, so you know, I just don't think I could do it" he is purportedly relying on what his doctor told him that is directly contradicted by the doctor's testimony and medical records. Plaintiff is relying on inadmissible hearsay evidence that his doctor told him he was restricted from going back to the same position because the job made him sick. In fact, the admissible evidence consisting of Dr. Wilons' testimony and medical records directly contradicts this self-serving, conclusory claim. Ex. F at 18-20, 22. Dr. Wilons also represented that Plaintiff was able to work with no restrictions to both the Mississippi Department of Employment Security and in connection with his workers' compensation settlement. Ex. A at 85-86 and Ex. 7 and 8-A thereto; Ex. F at 21 and Ex. 4 thereto.

Although not required to do so, Plaintiff designated six experts without even contacting them to determine whether their testimony would support his claims. BMPC was forced to depose each one to determine their opinion regarding Plaintiff's alleged disability. Not a single one of the six testified that he is disabled within the meaning of the ADA. Ex. B at 28-32 and 40; Ex. F at 23-30; Ex. I at 19-22; Ex. J at 19-25; Ex. K at 16-20; Ex. L at 14-17.

**II.     The Threshold Issue – The Evidence, Even Through Plaintiff's Own Designated Experts, Shows that Plaintiff Cannot Establish a Disability Within the Meaning of the ADA**

As set forth in BMPC's Memorandum of Law in Support of Motion for Summary Judgment, Plaintiff is not disabled. Disability means:

3

  (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
  (B) a record of such impairment; or
  (C) being regarded as having such an impairment….

42 U.S.C. § 12102(A)-(C).

The EEOC's regulations further clarify that a disability is an impairment which "substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population….Nonetheless, not every impairment will constitute a disability." 29 C.F.R. § 1630.2(j)(1). Substantially limited means being unable to "perform a major life activity that the average person in the general population can perform or [being] significantly restricted in the ability to perform it." *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 615 (5th Cir. 2009).

  Although "the ADAAA makes it *easier* to prove a disability, it does not *absolve* a party from proving one." *Neely v. PSEG Tex. Ltd. Partnership*, 735 F.3d 242, 245 (5th Cir. 1993) (emphasis in original). Here, Plaintiff bears the burden of establishing that he is substantially limited in his ability to breathe as compared to the general population. However, "[i]t is insufficient for individuals attempting to prove disability status [under the ADA] ... to merely submit evidence of a medical diagnosis of an impairment." *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 198 (2002) (overruled on other grounds by the ADA Amendments Act of 2008, Pub.L. 110-325, 122 Stat. 353 (2008)). Plaintiff has only alleged that he has been diagnosed with various ailments and has produced no evidence regarding his ability to breathe as compared to the general population. Indeed, Ms. Quinn, a nurse practitioner and one his six designated experts, unequivocally testified that his respiratory system functions normally. Ex. B at 28-32, 40.

4

In response to BMPC's Motion for Summary Judgment, Plaintiff claims for the first time that he is also substantially limited in his ability to work. However, the law and facts also do not support a finding that Plaintiff is substantially limited in this regard. In order to establish such a claim, Plaintiff must show that he is:

> restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. Moreover, the inability to perform in a specific environment, coupled with the ability to perform outside that environment does not satisfy the substantial limitation requirement. The cases which address impairments occurring only in the plaintiff's work environment, which are either alleviated or nonexistent outside that environment, find that the plaintiffs have not shown that they are disabled because they have shown only that they cannot perform a specific job.

*Ballard v. N. Miss. Health Servs.*, 2008 WL 4603315, at *3-4 (N.D. Miss. Oct. 15, 2008) (quotation and citations omitted). *See also Bleak v. Providence Health Ctr.*, 454 F. App'x 366, *3 (5th Cir. 2011). Stated differently, a plaintiff who claims that his disability prevents him from performing only one job because of its environment, but that he can perform other jobs outside of its environment is not substantially limited in the ability to work. As such, Plaintiff Jackson has not shown that he is substantially limited in his ability to work because that is exactly what he claims here – that he cannot perform the chemical operator position, but that he could have performed any other job at BMPC.

Plaintiff also claims for the first time, in passing, that he has a record of impairment by virtue of the fact that he took FMLA leave. Doc. 103 at 7. This claim is not supported by citation to any authority and does not articulate how the health condition for which he was granted FMLA leave satisfies the definition of a disability.[2] Indeed, the legal definition of a

---

[2] "[A]n employee seeking FMLA leave is by nature arguing that he *cannot* perform the functions of the job, while an employee requesting a reasonable accommodation communicates that he can perform the

5

serious health condition and a disability are quite different. See 42 U.S.C. § 12102(2); 29 U.S.C. § 2611(11). Moreover, in order for a record of disability to give rise to a failure to accommodate claim, "the impairment must be substantially limiting at the time of the requested accommodation." *Bridges v. Dep't of Soc. Servs.*, 254, F.3d 71, *2 (5th Cir. 2001) (citation omitted). Plaintiff has not satisfied his burden of establishing that he has a record of an impairment that substantially limits one or more major life activities.[3]

### III. BMPC Did Not Fail to Reasonably Accommodate Plaintiff at Any Time

Plaintiff claims that BMPC failed to reasonably accommodate him. Notably, Plaintiff also focuses on one potential accommodation only – transfer to a position other than that of a chemical operator. However, the undisputed facts and evidence make clear that he has no valid claim for a failure to reasonably accommodate under the ADA.

#### A. BMPC Was Not Aware of Any Alleged Disability or Limitations

As set forth in BMPC's Motion for Summary Judgment, BMPC was not aware of any alleged disability or consequential limitations. Plaintiff testified that he was sick in April and spoke to Rhonda Barnes about several options. Ex. A at 53; Ex. C at 4, 8. They discussed FMLA leave, the shipping clerk position, and early retirement. There is no evidence that he gave her any information other than the fact that he was sick and might need FMLA. Plaintiff applied for and was granted FMLA leave until July 15, 2015, on the basis that he was unable to work. Plaintiff has put forth no facts to support a finding to the contrary and cannot establish this prima facie element of his claim.

#### B. BMPC Did Not Fail to Reasonably Accommodate Plaintiff

---

essential functions of the job." *Acker v. General Motors, LLC*, 853 F.3d 784, 791-92 (5th Cir. 2017) (emphasis in original).

[3] BMPC does not address the "regarded as" prong of disability because Plaintiff's brief did not raise this issue. To the extent that the Court desires that BMPC address it, BMPC requests the opportunity to submit a supplemental brief.

In support of his claim that BMPC refused to reasonably accommodate his alleged disability, Plaintiff focuses on two positions which he believes he should have been given, specifically that of a shipping clerk or a forklift operator. Plaintiff has not met his burden of "proving that an available position exists that he was qualified for and could, with reasonable accommodations, perform." *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 315 (5th Cir. 2007).

In April 2015, Plaintiff claims that he wanted to transfer to a shipping clerk position. Doc. 103. According to Plaintiff, in April 2015, he and Ms. Barnes "talked about the fact that I could go on family medical leave. We also talked about the fact that I had worked 15 years and that there's a possibility that I could retire. We also talked about **if I could come back**, if I could work in a different area."[4] Ex. A at 53. Ms. Barnes told Plaintiff that there was a shipping clerk position open, but that it paid less than his current position. Plaintiff claims he told her he would be willing to take that position. However, he never applied for a transfer in accordance with BMPC's policy – a policy of which he was admittedly aware. Ex. A at 65. Plaintiff also testified that BMPC's policies in effect in 2015 did not allow employees to post for positions that were not a promotion. Ex. A at 100-01.[5] BMPC disputes this allegation. Ex. C at 15. However, even assuming that Plaintiff's allegations are true, he cannot establish a failure to accommodate claim based on these allegations and thus he has not demonstrated a genuine issue of material fact sufficient to defeat summary judgment.

First, the Fifth Circuit has repeatedly held that the ADA does not "require[e] affirmative action in favor of individuals with disabilities, in the sense of requiring that disabled persons be given priority in hiring or reassignment over those who are not disabled. It prohibits employment

---

[4] This testimony is consistent with Rhonda Barnes' testimony that "[w]hen he came to me with a medical condition, his concern was leave." Ex. C at 12. It is undisputed that Plaintiff requested and received leave.

[5] Deposition excerpts that were not included in the exhibits to Defendant's Motion for Summary Judgment are attached hereto.

7

discrimination against qualified individuals with disabilities, no more and no less." *Daugherty v. City of El Paso*, 56 F.3d 695, 700 (5th Cir. 1995), cert. denied 516 U.S. 1172 (1996); *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 810 (5th Cir. 1997) (finding that employer was not required to reassign plaintiff to a new position under the ADA). Accordingly, BMPC was not required to automatically place Plaintiff in any vacant position. *Id. See also E.E.O.C. v. St. Joseph's Hospital*, 842 F.3d 1333, 1346-47 (11th Cir. 2016) ("[T]he ADA requires an employer allow a disabled person to compete equally with the rest of the world for a vacant position. . . ."). Plaintiff admittedly did not apply for any other position despite the fact that he was aware of the process and had previously used it.[6] Ex. A at 65.

Second, although Plaintiff attempts to make much of his allegation that BMPC's policy would not allow him to apply for a job that would be a demotion, this allegation is of no consequence here. Even assuming that Plaintiff is correct, which BMPC disputes, the law does not require an employer to waive its legitimate non-discriminatory policies. *Daugherty*, 56 F.3d at 699-700; *Burns v. Coca-Cola Enters., Inc.*, 222 F.3d 247, 257 (6th Cir. 2000); *Dalton v. Subaru-Isuzu Auto., Inc.*, 141 F.3d 667, 677-79 (7th Cir. 1998) (enumerating multiple legitimate, non-discriminatory policies which disabled employees must follow, including non-demotion).

It is undisputed that Plaintiff did not apply for any position in 2015 pursuant to BMPC's policies, despite his knowledge that a shipping clerk position was available in April 2015. Ex. A at 65. As such, he cannot establish a failure to accommodate claim with regard to his inquiry in April 2015 regarding available positions.

Likewise, BMPC did not fail to reasonably accommodate Plaintiff with regard to the June 17, 2015 forklift position. Plaintiff was on FMLA leave beginning April 27, 2015 and according

---

[6] Plaintiff claims that not all jobs were posted, but he has failed to point to a single position other than that of the shipping clerk or forklift driver that were admittedly posted that was filled by anyone during 2015.

8

to Dr. Wilons' certification, he was unable to work. The certification indicated that the expected duration was unknown. Ex. C at Ex. 1 thereto. BMPC posted a forklift job on June 17, 2015 – not July 17, 2015, as represented by Plaintiff in his amended response.[7] This position was filled on July 7, 2015. Doc. 102-10. Plaintiff was released to return to work on July 15, 2015 and chose to retire. A second forklift position was posted on July 30, 2015, well after Plaintiff retired. Plaintiff does not claim that BMPC delayed posting this position in an effort to prevent him from applying for it and there is absolutely no record evidence that could support such an allegation. Further, Plaintiff admitted that he could not dispute Ms. Barnes' response that there were no vacant positions. Ex. A at 57, 64-65.[8]

As set forth in BMPC's memorandum in support of its Motion for Summary Judgment, BMPC also did not fail to accommodate Plaintiff on July 15, 2015. Dr. Wilons testified that during his appointment on July 15, 2015, Plaintiff told him during that visit that he was probably going to retire. Ex. F at 17; Ex. A at Ex. 9 thereto. Dr. Wilons admitted that his medical records contain no information indicating that Plaintiff could only return to work with restrictions. Ex. F at 17-18 & 33. While they discussed the fact that being removed from the work environment had alleviated Plaintiff's condition and the possibility of working in other positions, Dr. Wilons further testified that he advised Plaintiff that the only way to know whether he could return to his position as a chemical operator would be basically to "challenge it." Ex. F at 18, 22.

---

[7] BMPC served the supplemental discovery response which is attached to Plaintiff's opposition to correct the typographical error contained in the original response. Doc. 102-3. As shown on Doc. 102-10, which Plaintiff received as part of BMPC's discovery responses, the forklift job was posted on June 17, 2015 and filled on July 7, 2015, while Plaintiff was on FMLA leave. Plaintiff admitted that he was not available for work during this time. Ex. A at 64.

[8] Plaintiff has also not shown that he is qualified for either position. The only record evidence regarding the qualifications of a forklift driver was provided by Amanda Hill. She testified that simply because an employee drives a forklift as a part of a position does not mean he is qualified to drive a different type of forklift and different loads which would be associated with a full-time forklift operator. Ex. D at 18.

When Plaintiff contacted Ms. Barnes following this appointment, he inquired as to whether there were any open positions. Ms. Barnes informed him that there were no open positions at that time. Rather than continue to engage in the interactive process, Plaintiff immediately informed Ms. Barnes that he was retiring. As such, Plaintiff alone is responsible for any breakdown in the interactive process which precludes any liability on the part of BMPC. *Loulseged v. Akzo Nobel, Inc.*, 178 F.3d 731, 736 (5th Cir. 1999) (court cannot determine what accommodations would have been made because employee quit); *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 225 (5th Cir. 2011) ("Where an employee terminates the interactive process by voluntarily retiring, it is difficult to discern what measures may have been taken had accommodation discussions continued."); *E.E.O.C. v. Agro Distrib.*, 555 F.3d 462, 471 (2009)("The reasonable accommodation analysis is hindered because [the plaintiff] did not show up for work. Any discussion of the accommodations that might have been provided or denied is mere speculation."); *Gordon v. Acosta Sales & Mktg., Inc.*, 622 F. App'x 426, 430 (5th Cir. Aug. 14, 2015) ("[W]e need not address whether [the employer] provided a reasonable accommodation because we conclude that [the plaintiff's] unilateral withdrawal from the interactive process is fatal to his claim.").

Subsequently, Dr. Wilons represented that Plaintiff was able to work with no restrictions to both the Mississippi Department of Employment Security and in connection with his workers' compensation settlement.[9] Ex. A at 85-86 and Ex. 7 and 8-A thereto; Ex. F at 21 and Ex. 4 thereto.

After it became clear that Plaintiff was just shy of the necessary credits to receive early retirement benefits, BMPC offered Plaintiff the opportunity to return to work. Although the

---

[9] Notably, Plaintiff did not pursue any workers' compensation claims until after he retired despite his claims that his work environment made him sick for years. Ex. F at Ex. 4 thereto.

10

parties dispute whether BMPC specified what job Plaintiff would be performing, the undisputed evidence shows that Plaintiff's former job was no longer available because it was filled shortly after his retirement. Ex. M at ¶ 6. The undisputed evidence also shows that rather than explore potential accommodations, Plaintiff rejected the offer.

Regardless of what position was offered, Plaintiff failed to exhaust his administrative remedies with regard to any complaints he has regarding events that occurred in September 2015. "To determine whether a reasonable EEOC investigation could grow out of an administrative charge, a district court focuses on the factual statements contained in the charge." *Jamison v. Journey's*, 2015 WL 9599131, at \*6 (N.D. Miss. Nov. 23, 2015) (adopted 2016 WL 51249 (N.D. Miss. Jan. 4, 2016)) (citations omitted). Courts also consider events that occur during the time period alleged in the charge. *Id.* ("all allegations outside of this time-frame are barred").

Here, Plaintiff's EEOC charge was submitted by his counsel on October 13, 2015 and clearly states that the last discriminatory action alleged occurred on July 15, 2015. Doc. 1-1. The EEOC charge allegations are silent as to any events that occurred in September 2015. Doc. 1-1. Plaintiff then sought and received a notice of right to sue prior to the conclusion of the EEOC's investigation. Doc. 1-2. An EEOC investigation regarding the events of September 2015 would not have grown out of the charge as filed by Plaintiff given the specified time period and factual statements. As such, Plaintiff failed to exhaust his administrative remedies with regard to BMPC's offer of reemployment.

Plaintiff has not satisfied his burden of identifying any vacant positions for which he was qualified in September 2015 that could give rise to a duty of BMPC to accommodate. Plaintiff has taken the position that the only accommodation that would allow him to work at BMPC

11

would be for him to work in a position other than the one he previously occupied. Ex. A at 56; Doc. 103. Plaintiff's allegation that BMPC's offer of reemployment as a chemical operator does not give rise to any failure to engage in the interactive process or failure to accommodate claim as a matter of law. *Silva v. City of Hidalgo*, 575 F. App'x 419, 423-24 (5th Cir. 2014); *Moore v. Nissan N. Am.*, 2012 WL 2608792, at *11-12 (S.D. Miss. July 5, 2012). *See also McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 100-01 (2d Cir. 2009) (collecting cases holding "failure to engage in the interactive process does not form the basis of an ADA claim in the absence of evidence that accommodation was possible"). Accommodation was not possible unless there was a vacant position for which Plaintiff was qualified, but there is no evidence of such a position.

## IV.     BMPC Did Not Fail to Engage in the Interactive Process

In response to Defendant's Motion for Summary Judgment, Plaintiff now attempts to claim that Defendant failed to engage in the interactive process when it offered Plaintiff the opportunity to return to work in September 2015. As an initial matter, it is not clear whether a failure to engage in the interactive process is a separate and distinct claim from a failure to reasonably accommodate. As noted in *Loulseged*, "[t]he regulation's direction to the parties to engage in an interactive process is not an end it [sic] itself – it is a means to the end of forging reasonable accommodations." 178 F.3d at 736. "When an employer's unwillingness to engage in a good faith interactive process leads to a failure to reasonably accommodate an employee, the employer violates the ADA." *Id.* However, even if such a claim is a legally cognizable separate and distinct claim, Plaintiff cannot establish that BMPC failed to engage in the interactive process.

### A.   Plaintiff Failed to Exhaust His Administrative Remedies

As an initial matter, Plaintiff has failed to exhaust his administrative remedies with regard to a failure to engage in the interactive process claim. Plaintiff's EEOC charge references only a failure to make reasonable accommodations. Doc. 1-1. Further, there is no reference to any events that occurred in September 2015. Thus, Plaintiff did not allege any facts from which an EEOC investigation regarding a failure to engage in the interactive process based on BMPC's September 2015 offer of reemployment could have reasonably grown. *See Hamar v. Ashland, Inc.*, 211 F. App'x 309 (5th Cir. 2006) (affirming dismissal based on failure to exhaust administrative remedies because EEOC charge alleging wrongful termination in violation of the ADA did not encompass failure to accommodate claim). Plaintiff was represented by counsel who submitted the charge to the EEOC on his behalf. Ex. N.

**B. Plaintiff Failed to Plead a Failure to Engage in the Interactive Process Claim**

Second, the law is well-settled that Plaintiff cannot effectively amend his complaint and add new claims through his brief in response to BMPC's Motion for Summary Judgment. *Vanderberg v. Rexam Beverage Can Co.*, 2017 WL 507610, at *6 (N.D. Miss. Feb. 7, 2017) (c*iting Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108 (5th Cir. 2005)) (refusing to consider failure to accommodate claim when plaintiff only alleged an adverse employment action); *Gibbs v. Kelly Servs.*, 2016 WL 868874, at *3 (S.D. Miss. Mar. 4, 2016) (*citing Cutrera*, 429 F.3d at 113)) (refusing to consider failure to accommodate claim when plaintiff only alleged an adverse employment action); *Williams v. Bd. of Comm'rs of Greenwood Leflore Hosp.*, 2017 WL 1957971, at *3 (N.D. Miss. May 10, 2017) (*citing Cutrera*, 429 F.3d at 108) ("Williams has asserted an ADA claim for failure to accommodate. Williams, however, raises this particular ADA claim for the first time in her response to the instant motion. Consequently, this claim is not properly before the court, and is, therefore, procedurally barred."). Indeed, a plaintiff also

cannot add factual theories to support a pled claim in response to a motion for summary judgment. *McLin v. Chiles*, 2016 WL 208322, at *2 (S.D. Miss. Jan. 15, 2016) (quotations and citations omitted).

Plaintiff acknowledges that this claim was not pled in his complaint and attempts to argue that *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346 (2014) excuses this failure. However, this case stands for the proposition that a plaintiff's due process claim should not be dismissed based upon the technical failure to invoke 42 U.S.C. § 1983 as the vehicle in order to successfully plead the underlying specified due process claim. Here, Plaintiff did not plead a failure to engage in the interactive process claim or underlying facts that could establish such a claim. As such, *Johnson* is inapposite. The Fifth Circuit and this Court has made clear that Plaintiff cannot add a new claim, even if the new claim is also an ADA claim, through his opposition to BMPC's Motion for Summary Judgment.

### C. Plaintiff Terminated the Interactive Process

As set forth herein and BMPC's Motion for Summary Judgment and supporting memorandum, any failure of the interactive process is solely attributable to Plaintiff. It is undisputed that he did not apply for any positions. When informed that there were no vacancies on July 15, 2015, he immediately informed Ms. Barnes that he was going to retire.

Plaintiff claims that he was offered reemployment once it became clear that he was not eligible for early retirement. Despite the uncontroverted evidence that there were no vacant positions at this time, Plaintiff argues that the only job offered was that of a chemical operator and that is why he rejected the offer. Plaintiff is unable to identify any vacant position which existed on the day BMPC offered him reemployment for which he was qualified. Thus, BMPC cannot be liable for a failure to engage in the interactive process because there is no evidence

that a reasonable accommodation was feasible. *See Silva v. City of Hidalgo*, 575 F. App'x 419, 424 (5th Cir. 2014).

Jackson's alleged belief that his only options were to "retire or quit or go back to the job that was making me sick," is simply not reasonable because he clearly had other options. Doc. 103 at 5. As the Court found in *Gordon*, he could have continued to engage in the interactive process, but he chose not to. 662 F. App'x at 431-32.[10] Thus, no reasonable jury could find that BMPC failed to engage in the interactive process.[11]

## V. Conclusion

As shown above and in BMPC's Memorandum in Support of Motion for Summary Judgment, the undisputed facts in this case show that Plaintiff cannot establish the prima facie elements of his failure to accommodate claim. Plaintiff was not disabled when he chose to retire on July 15, 2015. Even if he were disabled, Plaintiff's own actions resulted in the breakdown of the interactive process. Likewise, even if this Court were to consider Plaintiff's failure to engage in the interactive process claim, he cannot establish such a claim. BMPC respectfully requests that this Court enter an Order granting BMPC's Motion for Summary Judgment and dismiss this matter in its entirety.

Respectfully submitted, this 19th day of April, 2018.

---

[10] "And although Gordon claims that he had to make a 'Hobson's choice' choosing to resign over continuing to work in unworkable conditions, he actually had a third choice: continuing to engage in the interactive process with Acosta."

[11] However, assuming Plaintiff was offered the chemical operator position, Plaintiff had an obligation to continue the interactive process which most likely would have resulted in an offer of another job. This is evidenced by the fact that any job offered by BMPC would have been above and beyond its legal duty because there were no vacant positions at that time. *See Foreman*, 117 F.3d at 810 ("For the accommodation of a reassignment to be reasonable, it is clear that a position must first exist and be vacant. Under the ADA, an employer is not required to give what it does not have.").

                **BLUE MOUNTAIN PRODUCTION COMPANY**

BY:    s/ *Ashley Eley Cannady*

        Armin J. Moeller, Jr., MSB#3399
        Ashley Eley Cannady, MSB#101253
        Balch & Bingham LLP
        188 E. Capitol Street, Suite 1400
        Jackson, MS 39201
        Telephone: (601) 961-9900
        Facsimile: (601) 961-4466
        amoeller@balch.com
        acannady@balch.com

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that on April 19, 2018, have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

> Jim Waide
> Rachel Pierce Waide
> Ron L. Woodruff
> WAIDE & ASSOCIATES, P.A.
> 332 North Spring Street
> Tupelo, MS 38804-3955

                s/ *Ashley Eley Cannady*
                Ashley Eley Cannady